IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 272, AFL-CIO,**
**Plaintiff,**

**v**

**FIRSTENERGY GENERATION CORP,**
**Defendant.**

**2:16-cv-360**

**MEMORANDUM OPINION AND ORDER OF COURT**

Now pending in this case arising out of a labor arbitration award are cross-motions for summary judgment: PLAINTIFF UNION'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15) and DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18). The parties have thoroughly briefed the issues and developed the evidentiary record (ECF Nos. 16, 17, 19, 20, 21, 22). The material facts are undisputed.

Factual and Procedural History

Plaintiff (the "Union") and Defendant/Counterclaimant (the "Company") entered into a Collective Bargaining Agreement ("CBA") on August 16, 2012 regarding production and maintenance workers at the Bruce Mansfield Plant. In March 2014, the Company posted a vacancy for a Power Plant Attendant ("PPA") position. Several employees with significant seniority from the Mechanical Maintenance department attempted to "cross-bid" for the PPA position. The Company did not honor these bidders and awarded the PPA position to a less-senior person who had a degree in Power Plant Technology.

The Union and Company have had a history of disputes regarding the scope of the Company's right to establish job qualifications; the implementation of a Workforce

Development program; and its interaction with the cross-bidding rights of employees. In an arbitration Award of February 9, 2007 (the "Newman Award"), an arbitrator ruled that the Company had the right to establish job qualifications, so long as those qualifications were reasonable. Two subsequent arbitration Awards denied Union grievances and upheld the result of the Newman Award.

The Union filed the instant grievance on October 15, 2014. It stated the issue as: "whether the Company violated the Agreement when it filled a Power Plant Attendant position with a less senior applicant?" Arbitrator Michael E. Zobrak was assigned to the matter by the Federal Mediation and Conciliation Service. He conducted a hearing on July 16, 2015, at which both sides had an opportunity to present evidence and arguments. The parties filed post-hearing briefs and Arbitrator Zobrak issued a fifteen-page Award on February 29, 2016 in favor of the Company.

The Union filed the instant lawsuit in this Court pursuant to 29 U.S.C. § 185. The Union asks the Court to vacate the arbitration Award on the grounds that: (1) the Arbitrator improperly modified the terms of the CBA; (2) the Award fails to "draw its essence" from the language of the CBA; (3) the arbitrator showed "manifest disregard" for the terms of the CBA; and (4) the arbitrator exceeded the power granted to him by the parties. Specifically, the Union contends that the arbitrator ignored and/or unilaterally modified the plain language of Article VI § 4(3)(C) of the CBA. That provision reflects that qualification standards may be based on "relevant knowledge, experience, training **or** education." (Emphasis added). The Union contends that the arbitrator changed "or" to "and" and thereby allowed the Company to bypass skilled, experienced, senior job applicants by imposing an education requirement. The Union also contends that the arbitrator ignored the actual text of Article VI § 3 of the CBA, which states:

"Before a senior applicant is bypassed the Company will discuss the matter with the Union." The arbitration award concluded that because "a senior *qualified* employee was not bypassed, the Company was not obligated to discuss the matter with the Union." (Award at 15; Emphasis in original).

The Company contends that the arbitration award should be upheld. The Company further argues that the Union's position is frivolous and vexatious, given the exceedingly narrow scope of judicial review of arbitration awards, and asks the Court to award its counsel fees and costs as a sanction against the Union. In reply, the Union contends that its decision to seek judicial review was legitimate, such that it should not be sanctioned.

Legal Analysis

Judicial review of an arbitration award is "quite narrow." As explained in *Akers Nat. Roll Co. v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union*, 712 F.3d 155, 160 (3d Cir. 2013):

> If an arbitrator's award draws its essence from the collective bargaining agreement, and is not merely his own brand of industrial justice, the award is legitimate. As this Court stated 44 years ago: A labor arbitrator's award does draw its essence from the collective bargaining agreement if the interpretation can in any rational way be derived from the agreement, viewed in the light of its language, its context, and any other indicia of the parties' intention. Indeed, a reviewing court may disturb an arbitrator's award only where there is a manifest disregard of the agreement, totally unsupported by principles of contract construction and the law of the shop. The Supreme Court has phrased the same idea in this fashion: "if an arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." The *Garvey* Court stated that arbitration awards may be unenforceable "only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice."

*Id*. at 160 (citations and internal quotations omitted).

The Court turns now to the examination of the February 29, 2016 Award issued by arbitrator Zobrak under this deferential standard. The Award recited – accurately – the relevant portions of the CBA. The Award fairly summarized the contentions of the parties. In particular, arbitrator Zobrak recognized the contentions of the Union, including its reliance on the purported plain language of Article VI § 4(3). Basically, the Union argued that employees were entitled to cross-bid into another department if they were "qualified" on the basis of their knowledge, experience or training, even if they lacked the required education.

The Company's arguments were also grounded on the language of Article VI § 4. In the Company's view, it had the right to define qualifications in terms of "relevant knowledge, experience, training **or** education," as provided in § 4(3)(C) (emphasis added), such that it was entitled to require applicants for the PPA position to possess a particular degree. In essence, the Company argued that it had bargained for the right under the CBA to establish job qualifications, which the Union could challenge as unreasonable; and that only "qualified" applicants were entitled to cross-bid into vacant positions. The Company cited Article VI §§ 4(1) and (2), which expressly reference the term "qualifications." The Company also relied on the prior arbitration awards which had upheld its right to impose qualification standards.

The arbitrator's Discussion and Findings reflect a reasonable effort to construe and apply the actual language of CBA. The arbitrator fairly sought to interpret the disputed provisions and to give effect to the parties' contractual understanding, in light of their history and the prior arbitration awards. Contrary to the Union's contention, Arbitrator Zobruk did not unilaterally change the CBA language. Rather, he reasonably interpreted that language in the manner proposed by the Company.[1] The Discussion and Findings section of the Award explicitly

[1] The disputed provision, Article VI § 4(3), simply defines the term "qualifications." That provision could be interpreted to mean that an employee can be deemed qualified based on his experience, training or education (as the

recognized that Article VI § 4(3) defined "qualifications" disjunctively to include "relevant knowledge, experience, training or education." *See* Award at 12, 13. The two passing references in the Award to educational background "**and** experience," (Award at 13, 14; emphasis added), are not intentional mis-quotations of the CBA language. Instead, they are explanations as to the scope of the Company's rights to set qualification standards. In sum, the Union's challenge to this aspect of the arbitration Award is without merit.

The Union's contention that arbitrator Zobruk arbitrarily inserted the term "qualified" in Article VI § 3 is equally unpersuasive. The arbitrator's conclusion that the Company had no duty to discuss this issue with the Union draws its essence from the actual text of the CBA. In particular, the arbitrator quoted Appendix I § g, which states: "Employees may cross-bid provided they have the proper qualifications for the classification they bid into prior to the award." The Company contended that no discussion with the Union was necessary because the cross-bidding employees clearly did not possess the Company-established educational qualification for the PPA position. Thus, the arbitrator did not unilaterally inject the idea of qualifications into the CBA language. Instead, he applied the CBA language in light of the arguments of the parties.

Arbitrator Zobrak's Award represents a serious and fair-minded attempt to interpret and apply the CBA language in light of the history of similar disputes between the parties. The Award is certainly enforceable under the applicable deferential standard.

The Court declines to exercise its discretion to award the Company its counsel fees and costs in this matter. As explained in *Kinder Morgan Bulk Terminals, Inc. v. United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, & Its Local 1*, 9 F.

---

Union contends); or that the Company is entitled to set qualification standards based on experience, training or education (as the Company contends).

Supp. 3d 507, 521–22 (E.D. Pa. 2014), an exception to the "American rule" that each party shall bear its own counsel fees and costs is only appropriate if the "losing party litigated in bad faith, vexatiously, or for oppressive reasons." *Id*. (*citing Mobil Oil Corp. v. Independent Oil Workers Union*, 679 F.2d 299, 305 (3d Cir.1982)). The Court identified three factors: (1) whether the appeal was brought promptly; (2) whether the losing party had a history of refusing to comply with arbitration awards; and (3) whether a "substantial legal issue" had been presented. In this case, the Union's appeal within one month of issuance of the Award was prompt. The Union also presented a substantial legal issue – the arbitrator's alleged manifest disregard of the CBA. Given that this is the fourth arbitration award in favor of the Company on the qualifications issue, it does appear that the Union is developing a history of refusal to comply with adverse arbitration Awards. However, that factor does not convince the Court that sanctions are appropriate under all the facts and circumstances of this case.

Conclusion

In accordance with the foregoing, PLAINTIFF UNION'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15) will be **DENIED** and DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18) will be **GRANTED**. The February 29, 2016 arbitration Award will be enforced. The clerk shall docket this case closed.

An appropriate Order follows.

McVerry, S.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL UNION 272, AFL-CIO,** | ) | |
| **Plaintiff,** | ) | **2:16-cv-360** |
| **v** | ) | |
| **FIRSTENERGY GENERATION CORP,** | ) | |
| **Defendant.** | ) | |

**ORDER OF COURT**

AND NOW, this 2nd day of September, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that PLAINTIFF UNION'S MOTION FOR SUMMARY JUDGMENT (ECF No. 15) is **DENIED**; and DEFENDANT/COUNTERCLAIM PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 18) is **GRANTED**. The February 29, 2016 arbitration Award shall be enforced. The clerk shall docket this case closed.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **Brian T. Kadlubek, Esquire**
Email: btkadlubek@lawgol.com

**James A. Prozzi, Esquire**
Email: prozzij@jacksonlewis.com